RANKIN et, Plaintiffs-Appellees, v. COFFER et,
Defendants-Appellants.

Ohio Appeals, Fourth District, Brown County.

No. 255. Decided March 4, 1960.

*Mr. Angus B. Wilson*, for plaintiffs-appellees.
*Dorothy Kennedy*, for defendants-appellants.

For further history see *Omnibus Index* in bound volume.

GILLEN, P. J. Plaintiffs, George Arnold Rankin and Lucille Thompson, brought an action in the Court of Common Pleas of Brown County, Ohio, to have partitioned certain real estate

described in the petition. Defendants, Sallie Coffer and Frank Rankin, filed an answer joining in the prayer for partition.

The Court determined that each of the parties was entitled to a one-fourth (¼) part of the premises and ordered that a writ of partition be issued to the Sheriff commanding him to cause the premises to be divided and set off by commissioners and if such division could not be made without manifest injury to the whole then to have the premises appraised. Commissioners were duly appointed and the Sheriff's return shows that the premises could not be divided without manifest injury and the appraised value was fixed at $2,800.00. This return was made May 13, 1959, and on the 15th day of May, following, George Arnold Rankin, made an election in writing to take the property at its appraised value. Counsel for plaintiffs prepared an entry confirming the former proceeding of the Court and the election to take by plaintiff, George Arnold Rankin. The Court signed the entry but instructed counsel to submit same to counsel for defendants for signature before filing same for record. Counsel for defendants refused to approve the entry and the same day filed in writing defendants' election to take the property at its appraised value. The Court set the matter for hearing May 28, 1959, at which time defendants' election to take was ordered stricken from the record. At that time no order of sale had been made. The Court prepared the following entry which was journalized May 29, 1959:

"On May 28, 1959, the motion of the defendants came on for hearing and Angus B. Wilson appeared in person and represented the plaintiffs and Dorothy Kennedy appeared in person and represented the defendants and the cause came to be heard upon the evidence and testimony and the record of the within case and it appearing to the Court that the report of the Commissioners on the writ of partition herein was returned to the Court on May 13, 1959, and it further appearing to the Court that the plaintiff, George Arnold Rankin, filed his election on May 15, 1959, to take said property at the appraised value of $2,800.00 without notice to defendants and it further appearing to the Court that an entry was presented to the Court on May 27, 1959, confirming the former proceedings of the Court and the election to take filed by George Arnold Rankin herein which said entry was approved by the Court and it further appearing

that said entry was presented to the defendants' counsel on May 27, 1959, which said defendants' counsel refused to sign and the matter was continued until May 28, 1959, at 10:00 A. M. and it further appearing to the Court that attorney for the defendants filed an election to take after said entry was signed by the Court and before same was of record and prior to the hearing on the motion which was to be heard on May 28, 1959, and after due consideration it is hereby ordered by the Court that the election to take said premises at their appraised value by said defendants, Sallie Coffer and Frank Rankin, is hereby ordered to be stricken from the record as said election was not filed within a reasonable time. To all of which the defendants except.''

In a subsequent proceeding the Court ordered the premises sold to George Arnold Rankin on his election to take at the appraised value. Defendants perfected an appeal directed specifically to the Court's order striking their election to take from the record and ordering the property sold to plaintiff on his election to take. Section 5307.09, Revised Code, provides:

''When the commissioners provided for in Section 5307.04, Revised Code, are of opinion that the estate cannot be divided according to the demand of the writ of partition without manifest injury to its value, they shall return that fact to the court of common pleas with a just valuation of the estate. If such court approves the return, and one or more of the parties elects to take the estate at such appraised value, it shall be adjudged to them, upon their paying to the other parties their proportion of its appraised value, according to their respective rights, or securing it as provided in Section 5307.10, Revised Code.''

The primary object of a partition proceeding is to effect an actual division of the property among the owners, if such can be done without manifest injury and it is only where such partition cannot be made that an election to take or a sale is allowed. It has been held that the right to elect does not abide alone in one cotenant, but any one or more of the cotenants has the same right. They stand as equals in relation to that right, and if two or more have elected to take the land at the appraised value, a public sale of the same will be required. See *Darling* v. *Darling*, 85 Ohio St., 27.

The necessity of a sale in case of conflicting elections arises from the impossibility of carrying out the statute in such case and under such circumstances the courts have, it seems, uniformly adopted the procedure of ordering a sale, refusing all the conflicting elections. See *Burch* v. *Brooks*, 15 O. C. C. N S., 443; 34 O. C. C., 605, affirmed without opinion in 82 Ohio St., 441; 92 N. E., 1110. The right of election must be exercised at the proper time, namely, after the report of the commissioners has been approved by the court, and before a sale is ordered.

In the case at bar the report of the commissioners was made May 13, 1959, as shown by the record. George Arnold Rankin made an election to take May 15, 1959, and defendants filed their election to take May 27, 1959. Both elections were made before an order of sale of the premises. It was, therefore, apparent to the Trial Court that conflicting elections had been made prior to the time defendants' election was stricken from the record and the property ordered sold to George Arnold Rankin on his election to take at the appraised value. The statutes do not contemplate such preference. All the parties had joined in a prayer for a partition of the property and they had a right to expect that their equal interests would be fully protected in subsequent proceedings. Courts speak thru their judgment entries and such entries become effective only when entered of record. In the instant case the judgment entry of May 29, 1959, was entered of record after the Court had knowledge of defendants' election to take. This election was made within a reasonable time since the premises had not been ordered sold prior thereto. The entry prepared by counsel for plaintiffs and signed by the Court May 27, 1959, was never entered of record and is, therefore, without force and effect.

The judgment entry dated May 29, 1959, ordering defendants' election to be stricken from the record and the property sold to plaintiff, Rankin, will be vacated and held for naught. The judgment of the court below is reversed and the cause remanded for further proceedings according to law.

RADCLIFF and COLLIER, JJ., concur.